cross appeal must be dismissed (*see,* CPLR 5511; *Town of Massena v Niagara Mohawk Power Corp.,* 45 NY2d 482, 488). (Appeals from Order of Supreme Court, Monroe County, Barry, J.—Negligence.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Burns and Gorski, JJ.

■ In the Matter of JANET ENOS, Respondent, v VILLAGE OF SENECA FALLS et al., Appellants. (Appeal No. 1.) [732 NYS2d 924] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Judgment of Supreme Court, Seneca County, Falvey, J.—CPLR art 78.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Burns and Gorski, JJ.

■ In the Matter of JANET ENOS, Respondent, v VILLAGE OF SENECA FALLS et al., Appellants. (Appeal No. 2.) [732 NYS2d 785] —Appeal from judgment insofar as it denied reargument unanimously dismissed (*see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984) and judgment affirmed without costs. Memorandum: Petitioner formerly held the combined positions of Village Administrator and Village Clerk for respondent Village of Seneca Falls (Village). At a meeting on April 3, 2000, new members of respondent Village Board of Trustees of Village of Seneca Falls (Board) and respondent Antonio Costantino, Mayor, were sworn in. At that meeting the Mayor and the Board reappointed petitioner to the position of Village Clerk but the position of Village Administrator was not then addressed. Petitioner continued in both positions. The working relationship between petitioner and the Board and Mayor began to deteriorate, and on May 17, 2000 the Mayor and certain Board members scheduled a Board meeting for 9:00 A.M. the next day. At that meeting the Board went into executive session. After returning from executive session, the Mayor presented petitioner with a letter terminating her from both positions.

Petitioner commenced this CPLR article 78 proceeding, alleging, *inter alia,* that her termination was improper because the meeting on May 18, 2000 violated the Open Meetings Law (Public Officers Law art 7) and because respondents failed to comply with Public Officers Law § 36 in terminating her. Supreme Court agreed with petitioner on both grounds and granted the petition, reinstating petitioner to both positions with back pay and benefits.

Respondents moved for reargument and renewal. The court determined that the motion was untimely insofar as it sought